## LOUISVILLE & N. R. CO. *v.* CONNELLY.

[Kentucky Law Reporter, Vol. 5—579.]

**Jurisdiction of an Appeal.**

Where an appellant was granted an appeal to the appellate court, but the appeal by mistake was made out to the superior court, which

had jurisdiction of such appeals, and the superior court struck the appeal from the docket, the appeal may be transferred by order of the Court of Appeals to the superior court, and thereafter the Court of Appeals has no jurisdiction of a motion to dismiss such appeal on the ground that the transcript was not filed twenty days before the second term after the appeal was granted, since the superior court has exclusive jurisdiction over such a motion.

APPEAL FROM KENTON CIRCUIT COURT.

January 24, 1884.

Opinion by Chief Justice Hargis:

This case by mistake was appealed to the superior court when the appeal was granted by the court below to the appellate court. The superior court struck it from the docket; thereafter the appellant sued out an appeal from this court and moved to transfer the case to the superior court, which has jurisdiction of the case, the amount of the judgment being just $3,000, and that motion was sustained. The appellee now moves to set aside the order of transfer and dismiss the appeal because the transcript was not filed twenty days before the second term after the appeal was granted. These motions can not be acted on by this court because the superior court has exclusive jurisdiction of the appeal, and consequently of all motions which might destroy or affect any right of the parties under the judgment. This court has no power to do anything but transfer the case.

The motions are, therefore, overruled without prejudice to their repetition in the superior court.

*M. J. Dudley, W. Lindsay, for appellant.*

*O'Hara & Bryan, for appellee.*